IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID A. SELF,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., and BANK OF AMERICA,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:09-CV-746 TS |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED.R.CIV. P. 12(b)(6). For the reasons set forth below, the Court will deny the Motion as to the TILA rescission claim but grant it as to the other causes of action.

## I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed

in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the Court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] In the *Twombly* case, the Supreme Court explained that a plaintiff must "nudge[ ][her] claims across the line from conceivable to plausible" to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint because Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] 550 U.S. at 547.

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

The Supreme Court provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[8] In *Iqbal*, the Court reiterated that while FED. R. CIV. P. 8 does not require detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[7] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] 129 S. Ct. 1937 (2009).

[9] *Id*. at 1949.

[10] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[11] *Id*. (quoting *Twombly*, 550 U.S. at 557).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

## II. FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following: On or about July 21, 2006, Defendant Countrywide Home Loans, Inc. (Countrywide) made a loan to Plaintiff in the principle sum of $1,680,000, secured by a Deed of Trust recorded against his residence located in Sandy, Utah.

During the loan process, Countrywide did not disclose accurately to Plaintiff the following: the annual percentage rate (APR), any fees paid directly or indirectly by Plaintiff to others in connection with the loan, or Plaintiff's alleged right to rescind the loan transaction. Countrywide also did not give Plaintiff two copies of a cancellation notice.

At the time of the loan, both Plaintiff and Countrywide understood the value of the property to be about $1,680,000, based on an appraisal performed by a licenced appraiser. By the time he filed his Complaint, on August 24, 2009, Plaintiff believed that the value of the property had dropped to $400,000.

Plaintiff also alleges that Countrywide inflated the value of its loan portfolio by making a loan to Plaintiff that he could not afford. Countrywide then marketed its loan portfolio in the securities market at an inflated value.

---

[12]*Id.* at 1949-50 (internal quotation marks and citations omitted).

In addition, the Court notes the following: The Complaint in the present case is so sparse that it does not state the reason for the loan or when it was in foreclosure proceedings. The Complaint contains no allegations against Defendant Bank of America.

### III. DISCUSSION

#### A. POSITIONS OF THE PARTIES

Plaintiff's Complaint contains four claims: rescission under the Truth in Lending Act (TILA) as described in 15 U.S.C. § 1635 and its implementing Regulation Z;[13] rescission under Utah state law based on mutual mistake in value; fraud and conspiracy; and negligence.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for the failure to state a claim upon which relief can be granted. Defendants move to dismiss the TILA claim as barred by the statute of limitations. They move to dismiss the fraud claims because the sparse allegations do not give rise to a plausible claim. They move to dismiss the state law rescission claim because Plaintiff has not tendered the return of the money he received from Countrywide and also because there is no allegation of a mutual mistake of a past or existing fact. Defendants move to dismiss the negligence claim because Plaintiff fails to allege facts supporting each of the elements of negligence.

---

[13] 12 C.F.R §§ 226.15(d)(1), 226.23(d)(1).

B. BANK OF AMERICA

Defendant Bank of America's Motion to Dismiss for failure to state a claim is based on the fact that the Complaint does not contain a single allegation against it. Plaintiff submits nothing in opposition to Bank of America's position.

The Court agrees that the Complaint fails to state a claim against Bank of America because it contains no allegations as to Bank of America. Therefore, all claims against Bank of America will be dismissed under FED. R. CIV. P. 12(b)(6)

C. RESCISSION UNDER TILA

Plaintiff alleges in his first cause of action that he is entitled to rescind the loan against Defendant Countrywide pursuant to 15 U.S.C. § 1635. The Complaint does not specify which subsection he is relying on, but his opposition memorandum makes it clear that it is § 1635(i).

Countrywide move to dismiss because the TILA claim is barred by the one-year statute of limitations for violations of disclosure requirements under TILA, set forth in 15 U.S.C. § 1640(e), and the specific rescission is barred by three-year statute of limitations set forth in 15 U.S.C. § 1635(f). Countrywide argues that the date Plaintiff alleges the loan was made, July 21, 2006, is more than three years from the date this case was filed on August 24, 2009.

In his Complaint, Plaintiff asserted that the Utah statute of limitations is applicable to this action,[14] but has not raised that argument in his opposition memorandum. Plaintiff

---

[14] Complaint ¶ 15.

now agrees that a rescission claim under 15 U.S.C. § 1635(i) is subject to the three-year limitation period,[15] but does not specifically address why his claim is not barred by the three-year period. Instead, Plaintiff merely states that the Complaint does state a claim for all causes of action, but that he will address only "his right to rescind the loan transaction under subsection 1635(i) based on the foreclosure of the mortgage loan."[16] Plaintiff does attach a copy of a document purporting to be such a Notice as Ex. A to his opposition to the Motion to Dismiss. That purported Notice is dated July 20, 2009. However, there is nothing to show it was served on Countrywide and Countrywide disputes its validity.

Plaintiff argues that the loan at issue is not a "residential mortgage transaction," which would be exempted from TILA's rescission requirements, because it was a loan to refinance two existing loans.[17] Defendants do not dispute this assertion and instead argue only that the statute of limitations bars the TILA rescission claim.[18]

If the Court were to consider Ex. A, it would be required to convert this matter to a motion for summary judgment in order to consider such a matter outside the pleadings.[19] The Court declines to do so. Instead, the Court will deny the Motion to Dismiss as to the

---

[15] Docket No. 7 at 5.

[16] *Id*. at 2.

[17] *Id*. at 4 n.1.

[18] Docket No. 8 at 1.

[19] FED. R. CIV. P. 12(d) (providing that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56" and Plaintiff given "a reasonable opportunity to present all the material that is pertinent to the motion.")

first cause of action without prejudice to the re-raising the issue on summary judgment.

D.     FRAUD AND CONSPIRACY

Countrywide argues that Plaintiff has not pleaded his fraud claim with particularity and fails to state a claim for either fraud or conspiracy to defraud. Plaintiff explains that he chose not to address this argument except to state as a broad general conclusion that the Complaint states claims upon which relief can be granted.[20]

For a plaintiff to bring a successful claim of fraud against a defendant, "all the elements of fraud must be established by clear and convincing evidence."[21] The elements that must be shown are:

> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the represente either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[22]

Plaintiff's allegation of fraud must meet the requirements set out in FED. R. CIV. P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set for the time, place and contents of the false representation, the identity of the

---

[20] Docket No. 7, at 2.

[21] *Secor v. Knight*, 716 P. 2d 790, 794 (Utah 1986) (citations omitted).

[22] *Id.*

8

party making the false statements and the consequences thereof.'"[23] "Rule 9(b) requires that a plaintiff set forth the who, what, where and how of the alleged fraud."[24]

Plaintiff fails to meet the pleading requirements of Rule 9(b). The Complaint alleges that through employees, agents, and independent contractors, Defendant conspired to defraud Plaintiff by providing a loan that he could not qualify for in order to inflate the value of its portfolio to sell it on the securities market, that its agents knew the value was inflated, and expected that the value would appreciate.

Plaintiff's allegations are insufficient to support a claim for fraud. Plaintiff's allegations are merely "'naked assertion[s]' devoid of 'further factual enhancement.'"[25] Those facts which are alleged do not nudge Plaintiff's claims across the line from conceivable to plausible. Plaintiff does not describe with sufficient specificity what representations were made, who made them, and when those representations were made. These broad, vague, and conclusory allegations do not meet the requirements of Rule 9(b).

Turning to Plaintiff's conspiracy claim, under Utah law Plaintiff must show five elements in order to prove a civil conspiracy: "(1) a combination of two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object of course of

---

[23] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991)).

[24] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

[25] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

9

action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result thereof."[26]

Plaintiff's Amended Complaint fails to sufficiently plead a factual basis of conspiracy. Although Rule 8 does not require "detailed factual allegations," it does "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation."[27] The Supreme Court has stated that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[28] Here, Plaintiff merely makes a legal conclusion, "couched as a factual allegation," that a conspiracy has taken place and provides nothing beyond that.[29] Therefore, Plaintiff's cause of action for conspiracy to defraud must consequently be dismissed for failure to state a claim upon which relief may be granted.

E. STATE LAW RESCISSION CLAIM

Plaintiff's second cause of action is for rescission under state law based on (1) the alleged fraud and (2) based on mutual mistake.

Plaintiffs claim for rescission based on fraud and/or conspiracy to defraud under state law is based on the same allegations as his fraud and conspiracy to defraud claims. For the reasons stated above, Plaintiff fails to allege fraud with particularity and, therefore,

---

[26] *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1064 (Utah 2002) (citation omitted).

[27] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

[28] *Id.* at 1950.

[29] *Id.*

10

fails to state a claim for rescission under state law based on fraud and/or conspiracy to defraud.

Plaintiff's claim for rescission under state law concludes that it is based on a mutual mistake. However, Plaintiff does not allege that the parties' mutual understanding of the value of the property differed at the time of the loan was made. Under Utah law, a claim for mutual mistake "must concern a past or existing fact, not a future contingency."[30] "If the parties harbor only mistaken expectations as to the course of future events and their assumptions as to facts existing at the time of the contract are correct, rescission is not proper."[31] In the present case, Plaintiff has not alleged that the parties' mutual belief as to value at the time of the contract was not correct. Therefore, Plaintiff fails to state a claim for rescission under Utah state law.

F.  NEGLIGENCE

Under Utah law:

To state a claim for negligence, Plaintiffs must establish four elements: "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages."[32]

Plaintiff's allegations regarding negligence are conclusory. Plaintiff brings his claim for negligence as an alternative to his claims for fraud and conspiracy to defraud under an

---

[30] *Deep Creek Ranch, LLC v. Utah State Armory Bd.*, 2008 UT 3, ¶ 17, 178 P.3d 886, 890 (2008).

[31] *Id*.

[32] *Tuttle v. Olds*, 155 P.3d 893, (Utah App. 2007) (quoting *Webb v. Univ. of Utah*, 2005 UT 80, ¶ 9, 125 P.3d 906) (further citation omitted).

11

agency theory, relying on unspecified "fraudulent acts" and "conspiracy."[33] For the reasons stated above, the claims of fraud and conspiracy are insufficient to state a claim. Plaintiff fails to allege specific non-conclusory allegations supporting the elements of negligence.

## IV. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 4) is GRANTED as to Bank of America and all claims against Bank of America are DISMISSED with prejudice. It is further

ORDERED that Defendant's Motion to Dismiss (Docket No. 4) pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED as to Plaintiff's second, third and fourth causes of action and is DENIED as to Plaintiff's first cause of action.

DATED   May 18, 2010.


BY THE COURT:

_____
TED STEWART
United States District Judge

---

[33] Complaint at 42-47.